Final case on the calendar, Bruno v. Schenectady . Carmen Sita Bruno, pro se plaintiff. And if it pleases the court, this case presents issues as of 2017 that will effect over 68% of U.S. households who unequivocally have formed a special relationship with their non-human counterpart. In fact, with over 89.7 million dogs alone. Here, the district court's decision plainly contradicted the record. Under, first it was the Fourth Amendment for failure to state a cause of action, which even if the complaint was inartfully drafted, there was enough facts there to state a cause of action under the Fourth Amendment. Why was it unreasonable that we're talking about unreasonable seizures, right? Why was it unreasonable for fire officials to, as I understand it, temporarily . . . Because they have an affirmative duty, Your Honor. It's part of their work. They were on notice. The front door, the back door . . . The fire on the premises was still under criminal investigation, wasn't it? If there's a human in the house, a child, or someone that you're beloved to, that's part of your family . . . I mean, when the Stafford Act was amended, Congress spoke with one voice. That animals, household pets, are family members, are considered part of the family. All the courts across the country have known that there's a special bond that exists between humans and non-humans. In the papers briefed both in the district court and with this court, there's a list of laws there . . . You know, whether you're a fireman, a policeman, whatever you are, you're not above the law . . . when it comes to an animal that needs care, that's in an emergency situation. And, you just look the other way, or even worse, throw furniture on them and kick them to the side, like if they were garbage. That's unreasonable, Your Honor. They had noticed too, I mean, not only was the whole, the home posted, but I was there clamoring for their lives. Not interfering with them, as it's being alleged. No, when I was taken, when I ran and I said, my babies, my babies, and they say, oh, they're dead. How do they even know they're dead? I asked them that. I said, have you brought them out for air, anything? When I arrived, the fire had been completely out. They were putting their things away. And, out of 20-odd, so many firemen, you're going to tell me you're not going to bring out the dogs? So, at least you can give them to, if you don't want to do it, give it at least to their owner or the guardian to go ahead and do the work. Although, that's not the standard generally in most fireplaces. I live now in the middle of nowhere, by Summit and Richmondville, and even them, they will call the emergency room, the animal care, and say, okay, this dog is approximately so much weight, how much albatross would I give them to bring them back up, to open up their lungs? So, it is, in today's age, Your Honor, we have a different expectation. Can I ask you a question, please? I'd like to ask you a question about your medical and your deliberate indifference to your medical needs. I've looked at the amended complaint. I was wondering if you could clarify what it is that you said to the police officers about your traumatic brain injury. Yes. When you were upon your arrest. Correct. And I was arrested, not because I crossed, although that's what's being alleged, but if you saw the tape, if you saw my pictures, and if you've read, if you've searched the record, there was nothing there to justify. But anyway, we can get to that afterwards. But to address your question, Your Honor, when I was taken into this room, it was a room, I was viscerally upset, trying still to be composed and still trying to hurry things up, and I told them, look, today I just came from an MRI, okay? I've been recovering from a brain injury that was at April, almost six months or so, whatever the case. And I said to them, I do not feel well. And then they also go ahead and they ask you these lists of questions about health, and I did all that. But the problem is that I continued to deteriorate, and I kept letting them know I am not feeling well. I've been known to pass out. I'm dizzy. I am shaking. And I was in physical, mental torture over my animals being left there, completely disregarded as if they were garbage or an electronic device, as the district court compared with the case as a means of property. I cannot even describe to you. It's no different than having a . . . You . . . The torment in your mind knowing that someone is hurting, in danger, and nothing is being done, it's indescribable, the mental torture that I was under. And yet I kept asking them, and then now I'm saying, then I'm being arrested on top of that. And the very tape, you know, when they arrest him, he says, what are you doing? I haven't done anything to . . . Thank you. In any event, what I wanted to follow up on that point is . . . Your red light is on. Oh. But you'll have a minute in rebuttal. Okay. I was told I was going to have six minutes. Yes, you've already had five minutes. Okay. All right. Well, if you read . . . there was case law that I did put there that they did have notice that I was deteriorating, and only because they wanted to do some booking is why they did it. And the case law is very specific. That is insufficient, and it's intolerable to let someone deteriorate so much, to the point that then I suffered another injury, which . . . We understand your . . . Okay. You'll have a minute for rebuttal. Thank you. May it please the Court, Michael Murphy representing the City of Schenectady and individual defendants Mattice, Dallarocco, and Farrstad. Your Honor, in response to your question with respect to deliberate indifference, I think one thing needs to be made clear from the record. Both in the brief filed by Ms. Bruno in her argument here before the Court, she's talking about a series of events that took place after the individually named defendants, in this case, ceased to have any contact with her whatsoever. These are a series of events that took place inside the police station, in which she's alleging that John and Jane Doe's may have engaged in deliberate indifference to her needs, and violated her constitutional rights. That's not part of this case. Those people are not defendants. That is not something that's before this Court. The question is whether there was . . . So you're saying the deliberate indifference question is not before this Court? I don't believe that the deliberate indifference issue, with respect to the events as described by Ms. Bruno, is before the Court. I would also say, with respect to the force that was used at the scene, that as Judge Sotheby found, it was very clear from the contemporaneous medical records, that whatever force was used was de minimis, and that de minimis injuries, as Judge Sotheby found and is clear from the records, is conclusive evidence of a de minimis use of force. As to the deliberate indifference claim, if it does survive in some way, are you familiar with the recent decision of Darnell v. Pinheiro of the Second Circuit? I'm aware. I cannot say that. I have a working knowledge of that decision, Your Honor. That decision at least could be read to overruling that part of Chiazzo. We held that the Supreme Court had overruled that part of Chiazzo and mandated that we use an objective standard, that is whether a reasonable person would appreciate the risk as to whether the detainee was subjected. So that would appear to be a different standard from that under Chiazzo. And if you could look at perhaps you and your all sides may want to see how Darnell or whether Darnell v. Pinheiro, 849 F. 3rd. 17, Second Circuit, 2017, how that affects the deliberate indifference standard and how we understand it, whether it's an objective standard and what implications that has for this case. And if you could send in a letter by Thursday, close of business, that would be helpful. That will be done, Your Honor. Thank you. Yes. I see that my time is about up and with that I will refer to my brief and to the complete record for further arguments for the court. Thank you. Good morning, Your Honors. If it may please the court, counsel. Mark Goldberg on behalf of the County Schenectady Appellees and individual defendants Rudolfson and Lavallette. Important distinction is made between the claims that have been brought against the other parties in the county. The county was not present during the fire in order to have any personnel that was involved whatsoever. Significantly and as indicated in our papers, there are no arguments made in any of the briefs that Ms. Bruno has submitted before the court making any arguments against the county appellants. And I submit for that reason and based on the applicable case law cited that she's abandoned those claims. To the extent that the court wants to entertain those issues, there's kind of an intertwining between some of the issues that she kind of conflates between the various defendants. In essence, she asserts that the county failed to implement proper policies, customs, and practices to aid citizens and their animal companions. Inherent in that discussion is the case law that deals with how fire, police, emergency personnel deal with emergency situations. To enact such a provision would in essence require the police to make decisions that could place them, the people that they work with, in very serious danger. Most significantly, firemen and police officers are put in predicaments in emergencies to have to make discretionary decisions at the time of a fire. So while we're sympathetic and obviously saddened by the loss of the dogs, it doesn't rise to the level of the establishment of a standing issue, a constitutional due process violation. Sad as it is that she lost her companions, it didn't rise to the level necessary. And I think the district court for that reason was correct when it found that there was no standing, in particular as it relates to the county appellees who were not even present during the fire. She cites to the Stafford Act, and she uses that as a basic premise to somehow morph into this standing issue. And as this court, I'm sure, is aware, the Stafford Act, as set forth in our papers, does not set forth a private cause of action. It was enacted to create emergency disaster assistance, but not necessarily a private right. And there is no statute or federal or constitutional issue that has been brought into play, especially as it relates to the county appellees. All that said, the same thing applies to the individual county appellee defendants, Mr. LaFollette and Rudolphin. They owed no duty to her. They weren't present. There was no policy, and there was no policy because, as indicated, it would create a very unintentable and quite difficult standard in duty that would place fire, police, and emergency personnel in a very serious situation. For that reason, I obviously will defer to my papers unless the court has any questions. I believe that the district court properly ruled that the county appellees were not properly sued, that they failed to state a claim for the reasons set forth. And more importantly, and for the same reasons, the court properly ruled that the entitlement to amend the complaint was also properly granted. Thank you. The case that you mentioned, Darnell, you said? Yeah. Okay. There is a case by the, I believe it's missing here, Farmer v. Brennan, 511 U.S. 825, which states the official, that's a U.S. Supreme Court, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Is the decision you're speaking about in tandem with this? Well, that's for you to answer, but the case that I'm talking about is Darnell v. Pinheiro, 849 F. 3rd, 17, 2nd Circuit, 2017, it's February. Right, but you raise it because? Because there was a Supreme Court decision, Kingsley v. Hendrickson, which is 135 Supreme Court, 2466.  It's where an officer has notice or they should be able to tell when medical assistance is needed. Anyway, I thought I'd bring this case up because they should have, I mean actually when you even look at the record, the matron on that time that was on duty actually even went to go get help. You know, went and asked about this. This is not getting any better. What are we going to do? In any event, Your Honor, judges, I do believe that there was both failure to state a cause of action under the Fourth Amendment goes against the weight of the record and the allegations were made, and under the summary judgment standard when it comes to the medical records, thinking that everything that I have suffered and what the medical records indicate, where it's a doctor opinion that counts, not a judge's, an attorney's, or anyone else's, but when you take one emergency room document against four other doctors, okay, who have said similarly and join in the same, the substantial record shows that there was more than a de minimis injury. Thank you. Thank you. Thank you all for your arguments. The court will reserve decision. The clerk will adjourn court. Court is adjourned.